# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| FIRST BANK BUSINESS CAPITAL, INC., AS ASSIGNEE OF JOSEPH E. SARACHEK, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>CROWN HEIGHTS HOUSE OF GLATT, INC.,<br><br>Defendant. | No. 09-CV-1031-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Crown Heights House of Glatt, Inc.'s "Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12 and Federal Rule of Bankruptcy Procedure 7012" ("Motion") (docket no. 12).

## *II. PROCEDURAL BACKGROUND*

On August 31, 2009, Plaintiff First Bank Business Capital, Inc., as Assignee of Joseph E. Sarachek, Chapter 11 Trustee, filed a two-count Complaint (docket no. 2). Count I alleged a claim for suit on account. Count II alleged a claim for suit for turnover.

On March 3, 2010, Defendant filed the Motion. On March 22, 2010, Plaintiff filed a Resistance (docket no. 13). On March 29, 2010, Defendant filed a Reply (docket no. 15). Neither party requests oral argument on the Motion. The Motion is fully submitted and ready for decision.

## III. FACTS[1]

Agriprocessors, Inc. ("Agriprocessors") was a kosher meatpacking plant in Postville, Iowa. Defendant was a customer of Agriprocessors and purchased goods from Agriprocessors on account. On November 4, 2008, Agriprocessors filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of New York. The case was subsequently transferred to the United States Bankruptcy Court for the Northern District of Iowa ("Bankruptcy Court"), case no. 08-2751 ("Bankruptcy Action").

On May 12, 2009, the Bankruptcy Court entered an order that assigned Plaintiff all of the Bankruptcy Trustee's rights to recover Agriprocessors' pre-petition receivables. An Agriprocessors aging accounts summary (docket no. 2-1) states that, as of April of 2009, Defendant owed Agriprocessors $331,223.35. Although Plaintiff sues to recover this entire amount, it acknowledges that some of the invoices underlying the aging accounts summary "might have been over-stated," thereby reducing the amount Defendant owes. Complaint at ¶ 20.

## IV. ANALYSIS

Defendant asks the court to dismiss the Complaint pursuant to: (1) Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction; (2) Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted; and (3) Federal Rule of Bankruptcy Procedure 7012, which makes Federal Rule of Civil Procedure 12 applicable in certain bankruptcy proceedings.

The court must address the challenge to subject matter jurisdiction before addressing Defendant's other arguments. *See United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993) (stating the court should address

---

[1] Because a motion to dismiss for lack of subject matter jurisdiction requires the court to review the facts under a different standard of review than the standard for a motion for failure to state a claim, the court considers the relevant facts separately under the standard of review applicable to Rules 12(b)(1) and 12(b)(6), respectively.

Fed. R. Civ. P. 12(b)(1) challenge before Fed. R. Civ. P. 12(b)(6) motion); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (stating the district court must consider jurisdictional motions first, because a court must find jurisdiction before considering the merits of a claim). Accordingly, the court first analyzes the challenge to subject matter jurisdiction. Then, the court considers the arguments under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012.

### A. *Subject Matter Jurisdiction*

Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. §§ 157, 1332 and 1334. Defendant argues each basis for jurisdiction fails. Because the court finds that it has diversity subject matter jurisdiction under 28 U.S.C. § 1332, it need not address §§ 157 or 1334 as a basis for jurisdiction.

#### 1. *Diversity jurisdiction: legal background and standard of review*

Diversity jurisdiction over state law claims requires two elements: "an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Defendant concedes that there is complete diversity, but contests the amount in controversy.

"[A]s the party invoking federal jurisdiction, [Plaintiff] has the burden of proving the requisite amount by a preponderance of the evidence." *Id.* at 347 (citing *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005)). When considering a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] all factual allegations in the complaint as true and view[s] them in the light most favorable to the nonmoving party." *Mamot Feed Lot & Trucking v. Hobson*, 539 F.3d 898, 901-02 (8th Cir. 2008) (citing *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008)).

#### 2. *Amount in controversy: analysis*

Plaintiff is suing to collect on $331,223.35 in accounts receivables for goods

3

Defendant allegedly purchased from Agriprocessors. Plaintiff alleges that it is entitled to "all amounts owing [. . .] minus whatever amounts, if any, that might have been overstated." Complaint at ¶ 20.

"'Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *OnePoint*, 486 F.3d at 348 (quoting *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (internal quotations and citations omitted)). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936)). Stated another way, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Id.* at 885.

Defendant argues that Plaintiff cannot meet its burden to show the amount in controversy for two reasons. First, Defendant claims that, according to the Seventh Superseding Indictment (docket no. 533 in *United States v. Rubashkin*, case no. 08-CR-1324-LRR (N.D. Iowa) ("*Rubashkin*")), "as of September 26, 2008, [Agriprocessors] falsified a total of $1,055,313.15 in overstated amounts allegedly due from [Defendant]." Brief in Support of Motion (docket no. 12-1), at 9. Defendant's emphasis on the Seventh Superseding Indicment is misplaced—"'[i]ndictments, of course, are not evidence.'" *United States v. Espinosa*, 585 F.3d 418, 428 (8th Cir. 2009) (quoting *United States v. Logan*, 210 F.3d 820, 825 n.3 (8th Cir. 2000)). Further, this argument erroneously assumes that Plaintiff included overstated invoices in its calculation of the amount due. However, Plaintiff's exhibits (the aging accounts summary and the chart of Defendant's

invoices (docket no. 13-3)) demonstrate that the invoices upon which Plaintiff bases its $331,223.35 figure exclude overstated invoices identified at trial by Aaron Tzivin, a representative of Defendant.[2] Accordingly, the court concludes that Plaintiff has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Second, Defendant argues that because Plaintiff acknowledges that its calculation of the $331,223.35 figure may include overstated invoices, Plaintiff cannot prove the amount in controversy to any degree of certainty and therefore cannot satisfy the amount in controversy requirement. Essentially, Defendant argues that Plaintiff's recognition of a potential defense or mitigation of the amount due defeats the amount in controversy allegation. However, it is well-settled that "the inability of [a] plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) (Bea, J.) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."). "Nor does the fact that the complaint discloses the existence of a valid defense to the claim." *Id*. Accordingly, the fact that Plaintiff acknowledged a potential defense or mitigation to its claim does not defeat subject matter jurisdiction.

### 3. *Summary*

In summary, the court concludes that Plaintiff met its burden to show by a

---

[2] The court takes judicial notice of its relevant rulings and proceedings in *Rubashkin*. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that a district court "may take judicial notice of judicial opinions and public records").

preponderance of the evidence that the amount in controversy exceeds $75,000.[3] The court is satisfied that it has diversity subject matter jurisdiction over the instant action. Accordingly, it shall deny the Motion to the extent it asks the court to dismiss the Complaint pursuant to Rule 12(b)(1).

### B. Rule 12(b)(6)

Defendant asks the court to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 1. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level[.]'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at

---

[3] This finding is limited to the instant Motion and has no bearing on the merits.

555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### 2. Count I: "suit on account"

Defendant argues that Plaintiff's claim for suit on account fails to state a claim upon which relief can be granted. In discussing the elements of a suit on account, or an account stated, the Iowa Supreme Court explained:

> An account stated has been defined as an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance. It must show that there is a balance due, the amount of that balance, and from whom it is due. The doctrine of accounts stated now generally extends to all cases where the relation of debtor and creditor exists, * * *. Its importance lies in the fact that it imputes to the apparent debtor an admission of liability for the amount of the balance against him and an actionable promise to pay it.

*Rehmann v. Balduchi*, 169 N.W.2d 894, 895-96 (Iowa 1969) (citations and internal quotation marks omitted).

Defendant argues the Complaint fails to state a claim for an account stated because it does not allege "the fair and reasonable value of the amounts claimed as the [a]ccount," citing *Roger's Backhoe Serv., Inc. v. Nichols*, 681 N.W.2d 647, 650 (Iowa 2004). Brief in Support of Motion at 8. Defendant misapprehends *Roger's Backhoe*. The "fair and

7

reasonable value" discussed in *Roger's Backhoe* is relevant "when the evidence *fails* to establish the account stated[.]" 681 N.W.2d at 650 (emphasis added). It is not an element of a claim for account stated. *See Rehmann*, 169 N.W.2d at 895-96 (setting forth elements of claim for account stated). In the Complaint, Plaintiff alleged that Defendant entered into a debtor/creditor relationship with Agriprocessors when it agreed to purchase goods from Agriprocessors on account. The Complaint specifies the balance due and from whom it is due. The Complaint also alleges that the amount due is accurate, because Agriprocessors delivered the goods Defendant requested as specified in the aging accounts summary. These facts, if true, satisfy the elements for a claim on an account stated. Therefore, Plaintiff alleged sufficient facts to state a claim for relief.

Defendant also argues this count fails to state a claim because Plaintiff has no personal knowledge of the debtor/creditor relationship between Agriprocessors and Defendant and that the claim is therefore only based on "speculation, generalities, and mere supposition." Brief in Support of Motion at 6. Defendant fails to cite any authority for this position. The court recognizes that "[p]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or presumptively within his knowledge, unless he rebuts that presumption." *Sanders v. Grenadier Realty, Inc.*, No. 09-2341-CV, 2010 WL 605715, at *1 (2d Cir. Feb. 22, 2010) (internal quotation marks omitted). However, Plaintiff has no personal knowledge of the debtor/creditor relationship between Agriprocessors and Defendant because it was not a party to Agriprocessors' sale of goods to Defendant. Plaintiff only accrued a cause of action against Defendant because the Bankruptcy Trustee turned the cause of action over to Plaintiff. Therefore, Plaintiff may allege its claim for account stated without personal knowledge of that claim. Plaintiff's lack of personal knowledge about the facts of a case does not render a claim deficient under Rule 12(b)(6). *Id*.

In summary, the court finds that Plaintiff alleged a sufficient factual basis for a

claim on an account stated. Therefore, the court shall deny the Motion to the extent it asks the court to dismiss Count I pursuant to Rule 12(b)(6).

### 3. *Count II: "suit for turnover"*

Defendant argues that Count II, "suit for turnover," should be dismissed for failure to state a claim. Plaintiff does not resist this argument. Accordingly, the court shall grant this portion of the Motion as unresisted.

## C. Rule 7012

Defendant asks the court to dismiss the Complaint pursuant to Federal Rule of Bankruptcy Procedure 7012; however, Rule 7012 is not a basis for relief in the instant action. In relevant part, Rule 7012 provides: "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7012(b). According to its plain language, Rule 7012 has no application in the instant action. Accordingly, the court shall deny the Motion to the extent it seeks relief under Rule 7012.

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 12) is **GRANTED IN PART AND DENIED IN PART**. Count II is **DISMISSED WITH PREJUDICE**. Plaintiff may continue to pursue the cause of action alleged in Count I.

**IT IS SO ORDERED.**

**DATED** this 19th day of July, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA